**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Melling Engine Parts**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**<br><br>**Defendants.** | **Case No. 1:26CV07009**<br><br>**Honorable Katherine Polk Failla** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

Defendant ruianshichaoxuankejiyouxiangongsi a.k.a. RUI'AN CHAOXUAN TECHNOLOGY CO., LTD, d/b/a BOPOWO ("**Defendant**" or "**BOPOWO**"), by and through its undersigned counsel, hereby respectfully submits its response in opposition to Plaintiff's application for preliminary injunction (the "**PI Application**") pursuant to the Court's order [Dkt. No. 18].

## I. BACKGROUND

On August 17, 2026, Melling Engine Parts ("Plaintiff") brought this lawsuit alleging trademark infringement against numerous unrelated e-commerce sellers, including BOPOWO, for using the word "M295" in product listings. The accused product, namely a Bopovo-branded oil pump timing chain kit, is a replacement for a number of oil pump models, including but not limited model M295HV. Declaration of Zhiwei Li at ¶ 5 [hereinafter the "Li Decl."]. The reference to "M295HV" and other models is a genuine description of the compatible models. *Id.* at ¶ 6. Defendant has consistently sold products on Amazon under its own brand name –

BOPOWO, and there are no reported instances of consumer confusion caused by the description of compatible models has never caused any consumer confusion. *Id.*

Plaintiff made a series of sealed filings on or around August 18, 2026, to seek TRO against BOPOWO and other e-commerce sellers, which was granted on August 19, 2026. Dkt. No. 18 (the "**Court Order**"). The TRO would expire on September 2, 2026, under Fed. R. Civ. P. 65(b)(2), and the Court Order set a hearing on September 2, 2026, to rule on Plaintiff's request for PI issuance. *Id.* On August 25, 2026, the Court granted an extension of the TRO, which will expire on September 16, 2026. Dkt. No. 23.

For the reasons set forth below, Plaintiff's request for PI issuance should be denied because Plaintiff is unlikely to succeed on the merits, and there is no irreparable harm in the absence of injunctive relief. Alternatively, if it is not entirely denied, the asset restraint should be significantly reduced to reflect BOPOWO's net proceeds.

## II. LEGAL STANDARD

A preliminary injunction is a "drastic" remedy, which should not be granted unless the moving party clearly satisfies the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A plaintiff seeking a preliminary injunction must establish that (i) he is likely to succeed on the merits, (ii) he is likely to suffer irreparable harm in the absence of preliminary relief, (iii) the balance of equities tips in his favor, and (iv) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Benihana, Inc. v. Benihana of Tokyo*, LLC, 784 F.3d 887, 895 (2d Cir. 2015). All four of the foregoing elements must be clearly satisfied. *Id*; *Winter*, 555 U.S. at 20-23. The same standard applies to TROs. *3M Company v. Performance Supply, LLC*, 458 F.Supp.3d 181, 191 (S.D.N.Y. 2020) ("In the Second Circuit, the same legal standard governs both the issuance of PI and the issuance of a TRO.").

## III. ARGUMENT

### A. Plaintiff Has Not Established Personal Jurisdiction Over BOPOWO

When a plaintiff seeks preliminary injunctive relief, "a prima facie showing of personal jurisdiction will not suffice" because a district court "must have have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against [that party]." *Visual Sciences, Inc. v. Integrated Communications Inc.*, 660 F.2d 56, 59 (2d. Cir. 1981). "Where a challenge to jurisdiction is interposed on an application for a preliminary injunction '(t)he plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits.'" *Id.* (quoting *Industrial Electronics Corp. v. Cline*, 330 F.2d 480, 482 (3d Cir. 1964) (alterations in original)).

Personal jurisdiction over a non-resident defendant is determined by the law of state in which the federal court sits. *See Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997). Section 302(a)(1) of New York's long-arm statute establishes personal jurisdiction over foreign defendants so long as the defendant's activities within the state were purposeful and there is a substantial relationship between the transaction and the claim asserted. *Chloe v. Queen Bee of Beverly Hills*, LLC, 616 F.3d 158, 170 (2d Cir. 2010). In the context of e-commerce sales through interactive websites, a recent Second Circuit case has clarified the evidentiary standard for a plaintiff to establish jurisdiction over a foreign e-commerce seller: while shipment of products is not required, the plaintiff's evidence should at least show a New York customer submitted orders and payments for this merchandise through the defendant's website and received order confirmation from the defendant. *American Girl, LLC v. Zembrka*, 118 F.4th 271, 278 (2d. Cir. 2024).

Plaintiff fails to allege any facts to support general or specific personal jurisdiction over BOPOWO. BOPOWO is an e-commerce seller based in China who sells products domestically

though its operation of its Amazon storefront. As evidence of BOPOWO's alleged infringement, Plaintiff provided screenshots of the BOPOWO storefront, product listings, and an order by "John Smith" at 475 Broome St, New York, NY 100013-5319. Li Decl. at ¶ 9, Ex. 1. But Plaintiff's evidence cannot support personal jurisdiction over BOPOWO because, unlike in *American Girl*, the purported transaction was not completed— BOPOWO did not receive any payments from "John Smith" on this order, confirm the order, or ship the accused product to the aforementioned address. *Id*. at ¶ 10. Plaintiff has accordingly proffered no evidence to demonstrate that any transaction for accused products was completed between BOPOWO and any New York consumer.

Because Plaintiff fails to demonstrate purposeful availment or any substantial relationship with the forum state, Plaintiff has no reasonable probability of ultimate success upon the question of jurisdiction. Thus, the request for PI must be denied.

**B. Plaintiff Is Unlikely to Prevail on the Merits Because It Has Not Demonstrated Any Likelihood of Confusion**

To prevail on a claim for trademark infringement, a plaintiff must demonstrate that a defendant's use of the mark is likely to cause consumer confusion. 15 U.S. Code § 1125(a)(1)(A). In the Second Circuit, in deciding whether a plaintiff has established likelihood of confusion, courts must consider (1) the strength of the mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will "bridge the gap" [in this case, the likelihood that Arrow will enter Stanley's market under Arrow's mark]; (5) actual confusion; (6) the defendant's good faith in adopting its mark; (7) the quality of the defendant's product; and (8) the sophistication of the buyers. *Polaroid Corp. v. Polarad Elecs. Corp*., 287 F.2d 492, 495 (2d Cir. 1961),

***1. Strength of the M295 Mark***

In the automobile accessory industry, M295 and M295HV are known as two models of replacement oil pump designed for GM Gen III and IV LS series engines. Li Decl. at ¶ 7.

HV stands for high-volume, and M295HV is the more expensive and better performing model compared to the standard M295 model. *Id*. The accused products is a timing chain kit with gasket for the M295HV model. *Id.* at ¶ 5.

The Second Circuit has long held that a model number cannot be an arbitrary trademark. *Arrow Fastener Co., Inc. v. Stanley Works*, 59 F.3d 384 (1995) (holding that term "T–50" could not be both model number and arbitrary trademark). Alphanumeric model numbers are generally considered descriptive because "they serve to distinguish a single source's products from each other." *Id.* at 391. Even if a model number can be trademarked, it is not a strong mark and does not warrant broad protection for a range of productions. See *id.*

Becuase M295 is a model number, and thus a descriptive and non-distinctive mark, the first factor favors BOPOWO.

***2. Similarity of Marks***

Similarity "is determined on the basis of the total effect of the designation, rather than on a comparison of individual features." *Id.* at 395. When the alphanumeric model mark is not used alone but along with a defendant's housemark, the Second Circuit has found it unlikely to cause consumer confusion. *Id.* ("[W]hen these multi-digit model numbers appear near Stanley's housemark—a clear and familiar source of origin—it is unlikely that consumers will find these marks confusingly similar to Arrow's two-digit mark.").

Because BOPOWO's mark is prominently displayed on its Amazon store alongside its housemark, and considering that M295 and M295HV are not identical, this factor also favors BOPOWO.

***3. Proximity of the Products***

Plaintiff's registration only narrowly covers one specific product – Automotive oil pumps,[1] while the accused product is a timing chain kit. *Id.* at ¶ 5. Plaintiff's registration does not cover the accused product. Despite some overlap in utilitarian purposes, they are non-competitive products differing in both function and price. The weakness and thin protection of an alphanumeric model-mark further widens the differences in non-competitive products. *Arrow*, 59 F.3d at 396. Thus, this factor also favors BOPOWO.

***4. Bridging the Gap***

Defendant has no knowledge to confirm whether Plaintiff will enter the Defendant's market to sell timing chain kits for oil pumps. The burden of proof will be on Plaintiff if it makes such an assertion. In light of the absence of evidence, this factor favors Defendant or is neutral.

***5. Actual Confusion***

Plaintiff has not submitted any survey evidence, customer testimony, or any other evidence suggesting that BOPOWO's use of its mark has caused any actual confusion, and BOPOWO is not aware of any incident of actual confusion. Li Decl. at ¶ 6. Thus, this factor also favors BOPOWO.

***6. Good Faith***

This factor considers "whether the defendant adopted its mark with the intention of capitalizing on plaintiff's reputation and goodwill and any confusion between his and the senior user's product." *Arrow*, 59 F.3d at 397. "Prior knowledge of a senior user's trade mark does not necessarily give rise to an inference of bad faith and may be consistent with good faith[,]

---

[1] https://tsdr.uspto.gov/#caseNumber=98190763&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last visited: August 25, 2026).

[particularly] where the presumption of an exclusive right to use a registered mark extends only to the goods and services noted in a registration certificate." *Id.*

In this case, Plaintiff's registration does not cover the accused product. And BOPOWO clearly trademarked the accused products under its own brand name without any intent to capitalize on Plaintiff's goodwill and reputation or to cause any consumer confusion. Li Decl. ¶ 8. Thus, this factor favors BOPOWO.

***7. Quality of Defendant's Product***

This factor is primarily concerned with whether the senior user's reputation could be jeopardized a junior user's offering of an inferior product. *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 875 (2d Cir.1986). Plaintiff has not demonstrated how BOPOWO's products are defective or of inferior quality. Accordingly, this factor cannot favor Plaintiff.

***8. Sophistication of Purchasers***

This final factor recognizes that the likelihood of confusion between the products at issue depends in part on the sophistication of the relevant purchasers. *Arrow*, 59 F.3d at 398. Purchasers of automobile accessories presumably have specialized knowledge in automobile repairing or assembly, and are, thus, sophisticated buyers. This factor favors BOPOWO.

Because none of the eight *Polaroid* factors favor Plaintiff, Defendant is more likely to prevail on merits.

**C. Plaintiff Is Unlikely to Suffer Irreparable Harm in the Absence of Injunctive Relief Given that BOPOWO Has Removed the Disputed Reference from Its Product Listing Title**

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir.1999). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.*,

409 F.3d 506, 510 (2d Cir.2005). When any threat of a defendant's use of the plaintiff's mark had dissipated, Plaintiff's theory that it will suffer an actual and imminent injury in the absence of a court injunction fails. *See Under Cover Roofing Labor, Inc. v. Herrick*, No. 19-cv-00176, 2019 WL 11804871, at *6 (D. Vt. Dec. 23, 2019).

In this case, BOPOWO has deleted the reference to M295HV from its product listing, despite its belief that the risk of consumer confusion is remote. Li Decl. at ¶ 14. There is no irreparable harm that Plaintiff can suffer if the listing of the accused product is reinstated, when the listing no longer contains the disputed model number. In the unlikely event that Plaintiff eventually prevails, monetary damages are sufficient to remedy any harm it allegedly suffers.

**D. Other Injunction Factors Tips in Favor of BOPOWO**

The remaining preliminary injunction factors require the Court to consider the balance of hardships and whether an injunction is in the public interest. Both favor Defendant.

If the preliminary injunction is granted, Defendant's entire operation, even income from listings unrelated to this lawsuit, will continue to suffer from its frozen Amazon account. Li Decl. at ¶ 11. The loss per day is costly and detrimental to a relatively new and small business like BOPOWO since it cannot timely pay its suppliers and employees. *Id*. Plaintiff, on the other hand, can be fully remedied by monetary damages even in the unlikely event that it can win the case.

At the core of this dispute is an extremely narrow issue – whether Defendant can use M295HV as a model number reference to describe its timing chain kit without authorization from Plaintiff, who has registered the M295 model as its trademark for oil pumps. Consumers, who purchase the accused product for a specific model of automobile, will be more informed by and benefit from a detailed description that discloses model compatibility, and the public policy will favor the denial of PI application.

### E. Alternatively, the Asset Restraint against BOPOWO Should Be Modified Because the Amount of Frozen Assets Is Disproportionate to Sales Proceeds from the Accused Product.

Any asset freeze must be limited to an amount sufficient to preserve the equitable claim and may not be used "preserve funds that may later be used to satisfy an award of statutory damages." *Spin Master v. Aciper*, No. 19-CV- 6949, 2020 WL 6482878, at *3 (S.D.N.Y. Nov. 4, 2020) (quoting *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-CV-6283, 2012 WL 5265727, at *5 (S.D.N.Y. Oct. 24, 2012)). A court "may exempt any particular assets from the freeze on the ground that they [are] not linked to the profits of allegedly illegal activity.'" *Klipsch Grp.*, 2012 WL 5265727, at *8 (quoting *North Face Apparel Corp. v. TC Fashions*, No. 05 Civ. 9083, 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006)). "The burden is on the party seeking relief to 'present documentary proof that particular assets [are] not the proceeds of counterfeiting activities.'" *Id.* (quoting *North Face*, 2006 WL 838993, at *3).

In the present case, BOPOWO only sold 63 units of the accused products, which generated $2,518.97 as total net proceeds. Li Decl. at ¶ 12, Ex. 2. By contrast, the total amount of frozen balance has exceeded $50,000 as of August 26, 2026. Li Decl. at ¶ 13.

BOPOWO's actual profits are much lower upon further deductions of all direct costs and elimination of refunded orders. Nonetheless, only if Plaintiff's PI application is not denied in their entirety and without assuming an undue burden of proof at this stage, Defendant will be satisfied if the Court modifies the asset restraint and reduce the asset restraint to $2,518.97 (the proven amount of net proceeds) or another approximate amount.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for preliminary injunction should be denied entirely. Alternatively, the asset restraint against BOPOWO should be reduced to $2,518.97 or another approximate amount.

Dated: August 26, 2026

Respectfully submitted,

By: */s/ Zhongyi Huang*

Zhongyi Huang
NY BAR NO.5781620
YoungZeal LLP
30 Wall St, Floor 8,
New York, NY 10005
Tel: 332-301-2024
Email: Huang@yzlaw.com

*Attorney for Defendant BOPOWO*

**CERTIFICATE OF SERVICE**

I, Zhongyi Huang, certify that the foregoing was served by me via electronic Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter this 26th day of August 2026.